IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **JEFFREY RICHARDSON, JACKIE RICHARDSON, ASHLEY SMITH, and JENNIFER THOMAS, individually and as the parent and best friend of minors JT and JT,** ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 23-cv-02160-TMP |
| **SAMUEL TEFERA TESISA, LINAT LOGISTICS, LLC, BALDEV SINGH, and TOOR FREIGHTLINES, INC.** ) ) ) ) | |
| Defendants. ) | |

---

**ORDER DENYING DEFENDANTS BALDEV SINGH'S AND TOOR FREIGHTLINES, INC.'S MOTION FOR SUMMARY JUDGMENT**

---

Before the court is defendants Baldev Singh's and Toor Freightlines, Inc.'s ("Toor") Motion for Summary Judgment, filed on October 13, 2023.[1] For the reasons below, this motion is DENIED.

I. BACKGROUND

On Friday, December 9, 2022, Jennifer Thomas was driving eastbound in the right-hand lane on Interstate 55 in a 2017 Mercedes GLS450. (ECF No. 1 at PageID 8 (Plaintiffs' Complaint); ECF No. 37-2 at PageID 138 (Defendants' Statement of Undisputed

---

[1] The parties consented to having the undersigned conduct all proceedings in this case including the trial, the entry of final judgment, and all post-trial proceedings. (ECF No. 17.)

Material Facts).) Singh was operating a tractor trailer and was directly behind Thomas's vehicle. (Id.) Samuel T. Tesisa was operating a tractor trailer and was directly behind Singh's tractor trailer. (ECF No. 1 at PageID 8-9; ECF No. 37-2 at PageID 139.) Both Singh and Tesisa were driving their tractor trailers during the course of their respective employments with Toor and Linat Logistics, LLC. (ECF No. 1 at PageID 8-9; ECF No. 8 at PageID 24-25 (Singh's Answer); ECF No. 9 at PageID 34-35 (Toor's Answer).) Thomas slowed down almost to a complete stop when her vehicle was struck from behind by Singh's tractor trailer, which itself was struck by Tesisa's tractor trailer. (ECF No. 1 at PageID 8-9; ECF No. 8 at PageID 25; ECF No. 9 at PageID 35.) Thomas and the occupants in her vehicle suffered injuries as a result of the collision. (ECF No. 1 at PageID 9; ECF No. 37-2 at PageID 140.)

The parties dispute the events prior to the accident. In a sworn affidavit, Singh claims that he was operating his tractor trailer at a slow speed and maintained a safe distance between the front of his tractor trailer and Thomas's vehicle in front of him. (ECF No. 37-1 at PageID 135.) Further, when he noticed Thomas's vehicle slow down, he alleges that he brought his tractor trailer to a stop behind Thomas and, after coming to a stop, Tesisa's tractor trailer struck Singh's tractor trailer from behind, which caused the collision with Thomas's vehicle. (Id.) However, in her

verified Responses to First Set of Interrogatories and Requests for Production, Thomas describes the incident as follows:

> [Thomas] was at a complete stop when she looked in rear view mirror and noticed an 18-wheeler approaching as if it was not going to slow down. [Thomas] tried to get in left lane but was rear ended before she could get over. A second 18-wheeler hit the back of the first 18-wheeler and then caused [Thomas's] vehicle to plow into the median.

(ECF No. 42, p. 9.)

The plaintiffs filed a lawsuit alleging negligence and negligence per se, and asserting that Toor is liable for Singh's conduct under the doctrine of respondeat superior. Specifically, the plaintiffs assert that Singh, acting within the scope of his employment with Toor, breached his duty to operate his commercial vehicle "in a safe and prudent manner in accordance with [his] training as [a] professional commercial motor vehicle driver[] and so as to not endanger the lives and welfare of the Plaintiffs and monitoring public" and in accordance with industry and corporate standards as outlined in the relevant regulations. (ECF No. 1 at PageID 10.) The plaintiffs allege that the following breaches were the actual and proximate cause of their injuries:

(a) Failing to keep a lookout for vehicles and traffic ahead;
(b) Failing to perform a proper visual search;
(c) Failing to properly manage his space;
(d) Following too closely;
(e) Failing to yield the right of way to vehicles in front of him on the roadway;
(f) Failing to drive at a safe and reasonable speed under the conditions;

 (g) Failing to drive defensively;
 (h) Failing to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, in grave danger;
 (i) Failing to adhere to safe driving principles expected of professional drivers;
 (l) [sic] Failing to operate the truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;
 (j) Failing to operate the truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;
 (k) Otherwise failing to act reasonably and prudently as a professional driver should under the circumstances; and
 (l) Such other specifications of negligence that shall be added by amendment or proven at trial.

(Id. at PageID 10-11.) Further, the plaintiffs allege that Singh violated certain traffic statutes that constitute negligence per se. (Id. at PageID 11.)

## II. ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 56(a) provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden to "demonstrate the absence of a genuine [dispute] of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323

(1986). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). Rule 56(c) provides that a party must support an assertion of fact by citing to materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers or other materials[,]" or a party must show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

When analyzing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. Huckaby v. Priest, 636 F.3d 211, 216 (6th Cir. 2011) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). In doing so, the court may not make credibility determinations or weigh the evidence. Jordan v. Kohl's Dep't Stores, Inc., 490 F. App'x 738, 741 (6th Cir. 2012) (citing Anderson, 477 U.S. at 255). Rather, it must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail

as a matter of law." Block v. Meharry Med. Coll., 723 F. App'x 273, 277 (6th Cir. 2018) (quoting Anderson, 477 U.S. at 251-52). The party opposing a motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Conclusory allegations, speculation, and unsubstantiated assertions are not evidence and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). Similarly, a court may not consider inadmissible, unsworn hearsay in deciding a motion for summary judgment. Tranter v. Orick, 460 F. App'x 513, 514 (6th Cir. 2012).

**B.   Negligence and Negligence Per Se**

A reasonable jury could conclude that, based on the evidence currently in the record, the defendants are liable under both negligence and negligence per se. To establish a claim for negligence, a plaintiff must establish the following: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal cause." Estate of Smith v. Highland Cove Apartments, LLC, 670 S.W.3d 305, 313 (Tenn. Ct. App. 2023) (quoting Bradshaw v. Daniel, 854 S.W.2d 865, 869 (Tenn. 1993)). To recover

under a theory of negligence per se, a plaintiff must establish the following:

> (1) [the] defendant violated a statute or ordinance which imposes a duty or prohibits an act for the benefit of a person or the public; (2) the injured party was within the class of persons whom the legislative body intended to benefit and protect; and (3) the negligence was the proximate cause of the injury.

Weatherly v. Eastman Chem. Co., No. E2022-01374-COA-R3-CV, 2023 WL 5013823, at *9 (Tenn. Ct. App. Aug. 7, 2023) (quoting Roane Cnty. v. Jacobs Eng'g Grp., Inc., No. 3:19-cv-206-TAV-HBG, 2020 WL 5836553, at *7 (E.D. Tenn. Sept. 30, 2020)). "As for the doctrine of respondeat superior, it 'renders employers vicariously liable for the torts their employees commit while acting within the scope of their employment.'" Chrisman v. SP Title, LLC, No. M2022-00944-COA-R3-CV, 2023 WL 4630876, at *12 (Tenn. Ct. App. July 20, 2023) (quoting Tenn. Farmers Mut. Ins. Co. v. Am. Mut. Liability Ins. Co., 840 S.W.2d 933, 937 (Tenn. Ct. App. 1992)).

In his sworn affidavit, Singh claims that, "[d]uring all relevant times herein, I was giving my full attention to the safe operation of my vehicle and was exercising the utmost care in monitoring the surround traffic conditions." (ECF No. 37-1 at PageID 135.) In support of this assertion, Singh indicates that he was operating his vehicle well below the posted speed limit, maintained a safe distance between the front of his tractor trailer and Thomas's vehicle directly in front of him, and brought his

tractor trailer to a stop behind Thomas's vehicle after noticing her vehicle begin to slow. (Id.) However, in her responses to interrogatories, Thomas explains that she was at a complete stop and noticed that an 18-wheeler was approaching her vehicle and did not appear to be slowing down. (ECF No. 42, p. 9.) When she tried to change lanes to avoid the collision, a second 18-wheeler rear ended the first 18-wheeler, which then caused Thomas's vehicle to "plow into the median." (Id.) Based on these competing accounts, a reasonable jury could conclude that Singh failed to exercise his duty of care and that Singh violated the relevant traffic laws. Further, because the parties do not dispute that Singh was operating within the scope of his employment, a reasonable jury could conclude that Toor is vicariously liable for Singh's conduct. (ECF No. 1 at PageID 8-9; ECF No. 8 at PageID 24-25; ECF No. 9 at PageID 34-35.) Therefore, the undersigned finds that summary judgment is not appropriate.

### III. CONCLUSION

For the reasons above, Singh's and Toor's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

                                      s/Tu M. Pham
                                      TU M. PHAM
                                      Chief United States Magistrate Judge

                                      February 29, 2024
                                      Date